DISTRICT OF OREGON, ss:		AFFIDAVIT OF DAMARA GONZALEZ

## Affidavit in Support of a Criminal Complaint

I, Damara Gonzalez, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1. I am a Special Agent with the Federal Bureau of Investigation and have been since 2011. My current assignment is Eugene Resident Agency in Eugene, Oregon. While employed by the FBI, I have investigated federal criminal violations related to terrorism, financial crimes, and crimes against children, threats, stalking offenses, and a number of other criminal offenses. I have worked with the FBI's Behavioral Threat Assessment Center (BTAC)[1] since 2016 and received advance training in threat assessment and threat management. I have worked throughout the state of Oregon training law enforcement, mental health and school officials on employing threat assessment teams to identify and de-escalate those on the pathway to violence. As a Federal Agent, I am authorized to seek and obtain search warrants, to obtain arrest warrants, and to investigate violations of federal law.[2]

---

[1] BTAC is the only Federal Multi-jurisdictional team in the United States working with law enforcement and private entities to assess persons of concern on the pathway to violence. BTAC consults on approximately 150 to 200 cases a year. BTAC has conducted three phases of research into the behaviors and indicators individuals display on the pathway to violence prior to engaging in a targeted attack. SA Damara Gonzalez is a trained Threat Management Coordinator in the Portland FBI Division. She has worked with BTAC since 2016 and has received advanced training in this subject matter.

[2] *1 On January 11, 2019, I testified during a hearing on a motion to suppress statements in United States v. David George Hopkins (District of Oregon, 6:18-cr-00299-MC) regarding statements made by the defendant during a custodial interview. I provided incomplete oral Miranda rights from memory near the beginning of the interview. Approximately 15 minutes after the interview began, I presented the FBI FD-395 (Advice of Rights Form). I pointed out the first four rights and told defendant that the form included the same cautions I had just given him at the outset of the interview. After receiving his reading glasses, the defendant reviewed and signed the FBI FD395. Prosecutors deemed the initial verbal advisement inadequate and*

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Mason Lieuallen (hereinafter, "Lieuallen") (D.O.B. XX/XX/1989) for violations of Title 18, United States Code, Section 875(c), Interstate Threatening Communications. As set forth below, there is probable cause to believe, and I do believe, that Lieuallen committed this offense.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested complaint and arrest warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

---

*conceded noncompliance with Miranda for statements elicited before defendant was presented with the waiver form. Judge McShane, however, also suppressed defendant's statements elicited after he signed the form. He found that I failed to properly advise the defendant of his Miranda rights, purposely made a misleading statement to the defendant regarding his rights and acted with "purposeful obfuscation."*

*The Court did not, however, find that defendant's statements were involuntary: "[n]o threats were made to [the defendant], the tone of the interview was calm and conversational. [The defendant] certainly showed a willingness and desire to talk to the FBI agents, and there was no indication he was intimidated into doing so."*

*Special Agent in Charge (SAC), FBI Portland Division, Loren G. Cannon, Jr., determined the matter did not warrant referral to the FBI's Office of Professional Responsibility for a lack of candor or any other investigative deficiency. SAC Cannon found that my actions did not manifest an intent to deceive the subject or the Court. The United States Attorney's Office for the District of Oregon (USAO) disagreed with the Court's findings that I intended to mislead the defendant. SAC Cannon said, "the record demonstrates a total absence of coercion on the part of SA [Gonzalez] and an understandable but unfortunate mistake." The USAO will continue to prosecute cases I have investigated and will continue to use me as a witness.*

**Page 2 – Affidavit of Damara Gonzalez**

**Target Offense**

4.      I have probable cause to believe that evidence of the below-listed violation will be found in the things to be searched as described in Attachment A: Title 18, United States Code, Section 875(c) (Interstate Threatening Communications), which provides that it is unlawful to transmit, in interstate or foreign commerce, any communication containing any threat to kidnap any person or any threat to injure the person of another.

**Statement of Probable Cause**

**Initial Reports of Threatening Behavior**

5.      On October 24, 2024, the FBI received information from Albany Police Department regarding threats Lieuallen made over the phone to a friend (Adult Witness 1 or AW1) in Seattle, Washington.  The reports indicated Lieuallen reached out because he was looking for help in the cyber security realm.  Lieullan was concerned he was being surveilled by Israelis or specific named, individual (Adult Victim 1, or AV1).

6.      Lieullan expressed his paranoia and frustrations of being surveilled by the United States government.  In one text he stated, "I have a normal job, I am about to kill about 5 people. I do not tolerate this shit in America.., I'm flying to Conroe, Texas, LA or DC. This is not working anymore, stop me if you want….He's dead."

7.      Lieuallen was interviewed by the Albany Police Department.  He stated he did not send the text messages to AW1 in Seattle, and he did not threaten to kill five people.  Lieuallen told the officer he does not like female investigators, and he refused to speak to a mental health professional or go to the hospital for a mental health evaluation.  Lieuallen stated that he did not possess firearms, but he had multiple firearms at his home in Powers, Oregon.  Law enforcement

Page 3 – Affidavit of Damara Gonzalez

records indicate that Lieuallen attempted to purchase a handgun on October 14, 2024, and on December 1, 2024.

## X Posts and Arrest

8.      In January 2025, the FBI became aware of threatening posts on the online platform known as "X", made by Lieuallen under the handle @createbonfire, which were reported to the FBI after someone residing in Oklahoma saw the posts and St became concerned. The FBI sent an emergency disclosure request on n January 30, 2025, to X for the subscriber information belonging to @createbonfire. The records returned an IP address and phone number. An open-source search of the IP address returned a location of Albany, Oregon and an FBI database search of the phone number returned the owner as Lieuallen.

9.      On January 26, 2025, @createbonfire posted "As long as you understand the concepts of a suppressor you can make your own. No license needed. Just don't have it when the po po does the light dance".

10.     On January 28, 2025 @createbonfire posted: "I'm going to bomb the Israeli headquarters of those who work at X/twitter. No iff ands or butts. You're terrorists and I'm bombing you. Get ready". @createbonfire also posted: "I'm going to murder you bitch. You think you can Jew our rights, it's only just begun."

11.     On January 30, 2025, @createbonfire posted the following: "I'm not going to be a school shooter, I'm not going to kill myself. If I die before a ripe old age, it was entirely the work of the United States government, and I hope I kill as many of these terrorists as possible".

12.     On January 29, 2025, Lieuallen was arrested by the Albany Police Department after he made threats to his roommates from his bedroom window, took exception to the small

  Page 4 – Affidavit of Damara Gonzalez

fire they had in the back yard and then charged a roommate and tackled him to the ground. Lieuallen was arrested for Harassment and Disorderly Conduct. Lieuallen was arrested and transported to the Linn County jail, where he is currently located as of January 30, 2025.

## Conclusion

16. Based on the foregoing, I have probable cause to believe, and I do believe, that Mason Lieuallen committed violations of Title 18, United States Code, Section 875(c), Interstate Threatening Communications. I therefore respectfully request that the Court issue a criminal complaint and arrest warrant for Mason Lieuallen.

17. Prior to being submitted to the Court, this affidavit, the accompanying complaint, arrest warrant, were all reviewed by Assistant United States Attorney (AUSA) Adam Delph, and AUSA Delph advised me that in his opinion the affidavit and complaints are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaints, arrest warrant, and summons.

S/Damara Gonzalez
Damara Gonzalez
Special Agent FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 10:35 a.m/p.m. on 1/31/25.

MARK D. CLARKE
United States Magistrate Judge